UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| A3 ENERGY, INC., a Nevada Corporation; GREGG NELSON, individually and as President of A3 Energy, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF DOUGLAS, a Political Subdivision of the State of Nevada, et al., <br><br> Defendants. | 3:11-CV-00875-LRH-WGC <br><br> ORDER |

This is a contract dispute. Before the court is defendant David Gamble's Motion to Dismiss (#12[1]). Plaintiffs A3 Energy, Inc. and its President Gregg Nelson ("A3") have responded (#21), and Gamble has replied (#22).

## I.   Facts and Procedural History[2]

A3 is in the business of installing and operating solar panels. (Complaint #1, ¶ 17.) A3 installs solar panels on the property of its customers for free; in return, its customers agree to assign to A3 renewable energy rebates offered by local utility companies to those who install renewable energy systems. (*Id.*)

---

[1] Refers to the court's docket entry number.

[2] In reviewing a motion to dismiss, the court accepts facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In mid-2010, A3 entered into such an agreement with China Spring Youth Camp ("China Spring"), which is operated by defendant County of Douglas. The agreement provided for liquidated damages should China Spring wish to terminate the agreement before a period of twenty-five years had run. (*Id*. at ¶ 19.) A3 also entered into a similar agreement with City of Refuge, a nonprofit operated in Douglas County. (*Id*. at ¶ 20.) Defendant David Gamble is a director of China Spring, and he is an officer of City of Refuge. (*Id*. at ¶ 8.) During the relevant period, he was also a sitting judge for the Ninth Judicial District Court, Douglas County. (*Id*.)

In August 2011, after an unsuccessful attempt to eliminate the liquidated damages provision, Gamble notified A3 that it was in breach of the agreements with China Spring and City of Refuge, and that the agreements were now terminated. (*Id*. at ¶¶ 26, 28.) Gamble also instructed the Douglas County District Attorney's office to delay building permits for A3's solar panel installations. (*Id*. at ¶ 30.) Subsequently, the Douglas County Board of Commissioners notified A3 that its agreement with China Spring was terminated. (Id. at ¶ 32.)

A3 alleges that Gamble engineered the termination of A3's agreements with China Spring, City of Refuge, and another defendant, Grace Community Church, out of a political animus against A3. A3's claims against Gamble include civil rights violations, breach of the implied covenant of good faith and fair dealing, intentional interference with prospective and non-prospective economic advantages, and civil conspiracy. Gamble has moved to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a

pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

  Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id*. at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

  In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

**III.    Discussion**

  Gamble grounds his motion to dismiss on two Nevada statutes providing immunity from civil suit to officers and volunteers of nonprofit organizations. N.R.S. § 41.480 immunizes officers and directors from claims based on "failure[s] . . . to exercise due care" unless the claim "involves intentional misconduct, fraud, or a knowing violation of the law." N.R.S. § 41.485 immunizes

3

nonprofit volunteers from civil suits for acts "that are not supervisory in nature and are not part of any duties or responsibilities the volunteer may have as an officer . . . unless the act is intentional." Gamble claims that his work for City of Refuge and China Spring qualifies him for immunity under these statutes.

The court disagrees because A3 has successfully alleged Gamble's intentional misconduct as a director of China Spring and an officer of City of Refuge. The Nevada statutes immunize against liability for unintentional acts, but A3 has alleged several intentional torts for which Gamble may be liable. For example, A3's breach of the covenant of good faith claim is a tort requiring "intentional misconduct," such as the "deliberate contraven[tion of] the intention and spirit of the contract." *Hilton Hotels v. Butch Lewis Productions*, 808 P.2d 919, 922-23 (Nev. 1991). A3 has plausibly pleaded that, in engineering the termination of A3's contracts, Gamble deliberately contravened their spirit. The interference-with-economic-advantages claims require either "intent to harm the plaintiff" or "intentional acts . . . designed to disrupt the contractual relationships"–intentional misconduct that A3 has sufficiently alleged in the form of Gamble's attempts to delay A3's building permits. *See Leavitt v. Leisure Sports Incorporation*, 734 P.2d 1221, 1225 (Nev. 1987) (setting out the elements of interference with prospective contractual advantage); *Sutherland v. Gross*, 772 P.2d 1287, 1290 (1989) (setting out the elements of intentional interference with contractual relations). A3's civil conspiracy claim alleges an "intent to accomplish [the] unlawful objective" of illegally usurping A3's business opportunities. *See Hilton Hotels*, 862 P.2d at 1210. Finally, A3's civil rights claims rest (or can be fairly read to rest) on intentional discrimination. Therefore, A3 has successfully pleaded claims against Gamble involving "intentional misconduct" and arising from Gamble's position as director of China Spring and officer of City of Refuge. Accordingly, Gamble is not immunized from liability under N.R.S. §§ 41.480, 41.485 as to the intentional torts which have been alleged against him.

//

//

IT IS THEREFORE ORDERED that Gamble's Motion to Dismiss (#12) is DENIED.

IT IS SO ORDERED.

DATED this 23rd of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE