UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| A3 ENERGY, INC., a Nevada Corporation;<br>GREGG NELSON, individually and as<br>President of A3 Energy, Inc.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF DOUGLAS, a Political<br>Subdivision of the State of Nevada, et al.,<br><br>　　　　　Defendants. | 3:11-CV-00875-LRH-WGC<br><br>ORDER |

Before the court is defendants David Gamble, City of Refuge, and Grace Community Church's Motion to Dismiss (#58[1]). Plaintiffs A3 Energy, Inc. ("A3") and its President Gregg Nelson have not responded, though Nelson has filed a "Notice of Withdrawal" (#57) stating with admirable concision: "I quit."

**I.　　Facts and Procedural History**

A3 is in the business of installing and operating solar panels. (Complaint #1, ¶ 17.) A3 installs solar panels on the property of its customers for free; in return, its customers agree to assign to A3 renewable energy rebates offered by local utility companies to those who install renewable energy systems. (*Id.*)

---

[1] Refers to the court's docket entry number.

In late 2010, A3 entered into such an agreement with Grace Community Church. A3 also entered into a similar agreement with City of Refuge, a nonprofit operated in Douglas County. (*Id.* at ¶¶ 20-21.) Defendant David Gamble is a director of China Spring, and he is an officer of City of Refuge. (*Id.* at ¶ 8.) In August 2011, after a dispute over the terms of the agreements, Gamble notified A3 that it was in breach of the agreements with Grace Community Church and City of Refuge, and that the agreements were now terminated. (*Id.* at ¶¶ 26, 28.)

On March 5, 2013, A3 and Nelson's attorney, Jason Bach, filed a Motion to Withdraw as Attorney (#51). The Motion went unopposed, and the court granted it (#55). At that time, the court ordered plaintiff A3 to retain counsel since a "corporation may appear in federal court only through licensed counsel." (Minute Order of April 11, 2013 (#55), p. 1 (quotation marks and citation omitted).) However, A3 did not retain counsel, and in early May plaintiff Nelson filed his "Notice of Withdrawal," expressing his intention to dismiss the case.

Defendant Gamble now moves to dismiss this action with prejudice.

**II.    Legal Standard**

Subject to certain exceptions, a plaintiff has the right to dismiss his or her action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). After the opposing party serves either an answer or a motion for summary judgment, the plaintiff loses this right. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993). At this point, the plaintiff may dismiss the case only through a court order. *See* Fed. R. Civ. P. 41(a)(2).

The decision of whether to grant voluntary dismissal rests in the court's discretion. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). The primary consideration is whether voluntary dismissal will prejudice the defendant (where "prejudice" means more than the prospect of a second lawsuit). *Id.* After deciding to grant voluntary dismissal, the court must determine whether such dismissal operates with or without prejudice. This, too, rests in the court's discretion, though courts generally consider whether it would be inequitable to allow the

2

plaintiff to refile. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) ("Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense.").

### III.   Discussion

Here, Nelson's pro se "Notice of Withdrawal" follows Defendants' answers, and therefore the court treats it as a motion for voluntary dismissal by court order under Rule 41(a)(2). Nelson's Notice effectively conveys his intent to abandon the present action, though Nelson's Notice also gives rise to the inference that he prefers dismissal without prejudice. For example, Nelson writes, "I'm also grateful to have had the opportunity to seek justice, but it will have to wait for another day." (Notice of Withdrawal #57, p. 3.) Defendants, citing Nelson's failure to participate in this action after filing his Notice and the discovery already conducted, ask for dismissal with prejudice. But before converting Nelson's request to dismiss without prejudice into a court order dismissing the action with prejudice, the court must allow Nelson an opportunity to withdraw his request. *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986). Therefore, the court dismisses Nelson's claims against defendants Gamble, Grace Community Church, and City of Refuge without prejudice, subject to the following conditions: Nelson shall have thirty (30) days to withdraw his Notice of Withdrawal. *See* Fed. R. Civ. P. 41(a)(2) (providing for dismissal by court order "on terms that the court considers proper"). If Nelson fails to withdraw his Notice within this time, prejudice will attach to the court's dismissal. This means that Nelson may be prevented from bringing the same claims against the same parties in federal court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

A3's claims deserve different treatment. In its April 2013 order, the court instructed Nelson to obtain counsel for A3 because a "corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9 Cir. 1993). In that same order, the court warned Nelson that failure to obtain counsel would result in dismissal. Nelson has

3

failed to obtain counsel for A3. Nor can Nelson's Notice of Withdrawal serve as a motion for voluntary dismissal on A3's behalf. *Id*. Therefore, dismissal with prejudice is appropriate. *See id*. (holding that default judgment was appropriate against unrepresented corporation).

Finally, the court notes that almost all defendants, including Gamble, City of Refuge, and Grace Community Church, have pending counterclaims against both A3 and Nelson. The dismissal of A3 and Nelson's claims does not affect the pendency of these counterclaims. *Chamfer Eng'g, Inc. v. Tapco Int'l, Inc.*, 498 F. Supp. 129, 131 (S.D. Tex. 1980).

IT IS THEREFORE ORDERED that Gamble, City of Refuge, and Grace Community Church's Motion to Dismiss (#58) is GRANTED in part and DENIED in part. A3's claims against these defendants are DISMISSED with prejudice. Nelson's claims against these defendants are DISMISSED without prejudice. Nelson shall have thirty (30) days from the date of entry of this order to withdraw his Notice of Withdrawal. Otherwise, Nelson's claims will be dismissed with prejudice.

IT IS SO ORDERED.

DATED this 22nd of August, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE